IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY SALAZAR,

       Plaintiff,

v.                                                                              No. 21-cv-01167-MV-LF

BCSO, NMSP DISTRICT 5,
BERNCO METROPOLITAN
DETENTION CENTER,

       Defendant.

**MEMORANDUM OPINION AND ORDER DENYING POST-JUDGMENT MOTION**

THIS MATTER is before the Court on Plaintiff Jerry Salazar's letter seeking to reopen his case, which the Court construes as a motion seeking relief from a final judgment under Federal Rule of Civil Procedure 60(b) (Doc. 8) (the "Motion"). For the following reasons, the Motion shall be denied.

Background

Plaintiff commenced this case by filing a Prisoner's Civil Rights Complaint on December 6, 2021 (Doc. 1) (the "Complaint"). Together with the Complaint, Plaintiff filed a motion seeking leave to proceed *in forma pauperis*. (Doc. 2) (the "IFP Motion"). The IFP Motion did not include a six-month inmate account statement, as required by 28 U.S.C. § 1915(a)(2), so the Court entered an Order to Cure Deficiency on September 20, 2022, requiring Plaintiff to submit an account statement within 30 days. (Doc. 3). Before the 30-day deadline expired, Plaintiff filed a motion seeking a 30-day extension. (Doc. 4). The Court granted the request for an extension, setting a new deadline of December 9, 2022, for Plaintiff to file an inmate account statement (Doc. 5) (Order

Granting Extension). The Court advised Plaintiff that failure to comply with the new deadline could result in dismissal without further notice. (Doc. 5). Plaintiff did not file an inmate account statement, seek an extension, or otherwise respond to the Court's Order Granting Extension. On January 10, 2023, over a month after the extended deadline expired, the Court entered an Order of Dismissal, dismissing Plaintiff's Complaint without prejudice. (Doc. 6). The Court entered its final judgment the same day. Forty-eight days later, Plaintiff filed the Motion presently before the Court. (Doc. 8).

In the Motion, Plaintiff states that he does not have the resources to obtain the records that this case requires but intends to get professional assistance or advice that will permit him to proceed. (Doc. 8 at 1). He requests that the Court reopen the case and grant an extension—apparently of any potential deadlines—through May 10, 2023, when he expects to be released from the Bernalillo County Metropolitan Detention Center ("MDC"). (Id.). The Court has searched the MDC website, and it appears that Plaintiff is no longer in custody. *See* https://gtlinterface.bernco.gov/custodylist/ (last visited July 17, 2023). Plaintiff has not updated his address since being released from MDC.

Discussion

Based on the time of its filing and its request for relief from the Final Judgment, the Court construes the pleading under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (explaining that post-judgment motions filed after the timeframe designated in Rule 59(e) are usually construed under Rule 60(b)).

Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

Relief from a judgment under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Plaintiff has not demonstrated grounds for relief under subsections (1) through (5) of Rule 60(b). Nor does the Court discern another reason justifying relief. Plaintiff severed contact with the Court while his incomplete IFP Motion was pending and after his request for an extension of the deadline to cure deficiencies was granted. After the Court granted the extension, more than three and a half months passed, during which Plaintiff did not seek an additional extension of the deadline or otherwise communicate with the Court until he filed the instant Motion, in which he seeks to reopen but essentially stay the case until he is ready to proceed. Although Plaintiff implied in the Motion that he would be ready to proceed when he was released from MDC in May 2023, and it appears that he now has been released, he has not updated his address or communicated with the Court regarding the status of his progress in preparing to prosecute his lawsuit. Under these circumstances, the Court is not persuaded that relief under Rule 60(b), which is extraordinary and reserved for exceptional circumstances, is justified. The Motion shall therefore be denied.

The Court reminds Plaintiff that its dismissal of this action was done without prejudice to refiling and did not count as a "strike" for purposes of the three-strike rule in 28 U.S.C. § 1915(g). *See Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing procedural dismissals under Rule 41(b) from screening dismissals

3

for failure to state a claim).

**IT IS THEREFORE HEREBY ORDERED** that the Motion **(Doc. 8)** is **DENIED**.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE